UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-60993-CIV-DAMIAN

**KOSTER LLC**,

      Plaintiff,

v.

**HARTFORD INSURANCE
COMPANY OF THE MIDWEST**,

      Defendant.

_____/

**ORDER GRANTING MOTION TO DISMISS [ECF NO. 11]**

**THIS CAUSE** is before the Court on Defendant, Hartford Insurance Company of the Midwest's ("Hartford" or "Defendant"), Motion to Dismiss [ECF No. 11] ("Motion"), filed July 11, 2025.

THE COURT has reviewed the Motion, the parties' briefing [ECF Nos. 13 and 14], the applicable law, and the relevant portions of the record and is otherwise fully advised. For the reasons that follow, the Motion is granted.

**I.   BACKGROUND**

This case arises from Hartford's partial denial of Plaintiff, Koster LLC's ("Koster" or "Plaintiff"), flood insurance claim. Hartford is a Write-Your-Own ("WYO") insurance carrier participating in the National Flood Insurance Program ("NFIP"). [ECF No. 1 ("Complaint") ¶ 7]. The Federal Emergency Management Agency ("FEMA") administers the NFIP pursuant to the National Flood Insurance Act, 42 U.S.C. § 4001 *et seq.*

As alleged in the Complaint, Koster owns a property located at 612 SE 16th Street, Fort Lauderdale, Florida 33316 (the "Property"), which Hartford insured under a Standard

Flood Insurance Policy ("SFIP"). *Id.* ¶¶ 9–10. Koster submitted a claim based on damages the Property allegedly sustained due to flooding on or about April 12, 2023. *Id.* ¶¶ 13–16.

On August 29, 2023, Hartford sent a letter partially denying Koster's claim. A copy of the August 29, 2023 letter is attached to the Motion. [ECF No. 11-4 ("August 29, 2023 Letter")]. The Letter states "we have denied your request for review of the contractors estimate and lack of supporting documentation for damages to the risk. Therefore, your claim remains payable based on the adjusters revised estimate in the amount of $77,749.96." *Id.* at 1. The letter also refers to a "detached building" that was "referenced in the adjusters photos as a detached utility/laundry room [which] would require its own policy and remains denied based on letter dated June 30, 2023." The Letter includes a FEMA "Policyholder Rights" document that advised Koster of its rights and options "if your flood insurer denies your claim." *Id.* at 5. The Policyholder Rights page specifically states "[i]f you do not agree with your insurer's decision to deny your claim and you receive a full or partial claim denial letter from your insurer, you have options," including the right to file an appeal of the insurer's decision and "file suit in the Federal District Court where the damage occurred within one year of when your insurer first denied all or part of your claim." *Id.*

Approximately 20 months after the August 29, 2023 Letter, on May 19, 2025, Koster filed the Complaint in this action asserting one count for breach of the insurance contract and alleging that Hartford "has delayed and denied the Plaintiff's claims, which are due and owed under the SFIP." *Id.* ¶ 29. On July 11, 2025, Hartford filed the Motion to Dismiss now before this Court in which Hartford argues that the Complaint must be dismissed because Koster's lawsuit was not filed within one year of the August 29, 2023 Letter and is therefore barred by the applicable statute of limitations. Koster filed a Response to the Motion in which it argues,

generally, that the August 29, 2023 Letter did not trigger the one-year limitations period and that the limitations period was tolled because the parties continued to negotiate and engaged in other acts after the August 29, 2023 Letter. On August 4, 2025, Hartford filed a Reply rejecting Koster's arguments. The Motion is fully briefed and ripe for adjudication.

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) provides that a defendant may move to dismiss a complaint that does not satisfy the applicable pleading requirements for "failure to state a claim upon which relief can be granted." The Court must review the complaint in the light most favorable to the plaintiff, and it must generally accept the plaintiff's well-pleaded facts as true. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). However, pleadings that "are no more than conclusions[ ] are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Dismissal pursuant to a Rule 12(b)(6) motion is warranted "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint." *Shands Teaching Hosp. & Clinics, Inc. v. Beech St. Corp.*, 208 F.3d 1308, 1310 (11th Cir. 2000) (internal quotation marks omitted) (quoting *Hishon*, 467 U.S. at 73).

At the dismissal stage, "courts only consider the four corners of a complaint and the complaint's attached exhibits when analyzing a Rule 12(b)(6) motion to dismiss." *Turner v. Williams*, 65 F.4th 564, 583 n.27 (11th Cir. 2023) However, "a document outside the four corners of the complaint may . . . be considered" as incorporated by reference if the document "is central to the plaintiff's claims and is undisputed in terms of authenticity," regardless of whether it is "mentioned in" or "attached to" the complaint. *Maxcess, Inc. v. Lucent Techs., Inc.*,

433 F.3d 1337, 1340 n.3 (11th Cir. 2005); *see also Johnson v. City of Atlanta*, 107 F.4th 1292, 1299–1300 (11th Cir. 2024) ("[A] court may properly consider a document not referred to or attached to a complaint under the incorporation-by-reference doctrine . . . .").

## III.   DISCUSSION

Based on a careful review of the Complaint, the Motion, and the parties' submissions, viewing well pled facts as true and construing them in Koster's favor, this Court finds that Koster's breach of contract claim is time-barred and due to be dismissed.

### A.   The NFIA.

By way of background, the National Flood Insurance Act ("NFIA") governs the cooperative efforts between the federal government and the private insurance industry to make flood insurance available to the public on reasonable terms and conditions. *See* 42 U.S.C. § 4001. "The [NFIA] was adopted in 1968 in response to the exorbitant premiums flood insurers charged at the time." *House v. Bankers Ins. Co.*, 43 F. Supp. 2d 1329, 1331 (M.D. Fla. 1999). As relevant here, under the NFIA, FEMA authorizes private insurance companies to issue WYO policies. *Id.* at 1331–32. These carriers sell the insurance, adjust and pay claims, and provide risk capital. *Garboza v. Allstate Ins. Co.*, No. 10-23584-CV-JLK, 2011 WL 13223662, at *1 (S.D. Fla. Dec. 20, 2011) (King, J.). The terms of the WYO polices themselves, however, are dictated by federal regulations. *House*, 43 F. Supp. 2d at 1332. The policies "are reinsured and subsidized by [FEMA]," *id.* at 1331, and the carriers are considered fiscal agents of the United States. *Shuford v. Fid. Nat. Prop. & Cas. Ins. Co.*, 508 F.3d 1337, 1343 (11th Cir. 2007); *see also* 42 U.S.C. § 4071(a)(1); *West v. Harris*, 573 F.2d 873, 879 (5th Cir. 1978) (describing the NFIP). The NFIP confers jurisdiction in federal court "without regard to the amount in controversy." 42 U.S.C. § 4053; *see also West*, 573 F.2d at 881.

### B. *The Incorporation-By-Reference Doctrine.*

As an initial matter, though not addressed by Koster in its Response, this Court may consider the exhibits attached in support of the Motion, including (1) the Policy Declarations Page [ECF No. 11-2]; (2) the SFIP's Dwelling Form [ECF No. 11-3]; and (3) the August 29, 2023 Letter [ECF No. 11-4].

Generally, a court ruling on a motion to dismiss should not consider anything beyond the face of the complaint and any documents attached to it. *Edwards v. Dothan City Schs.*, 82 F.4th 1306, 1311 (11th Cir. 2023). If the court considers matters outside of the pleadings, the court should treat the motion to dismiss as a motion for summary judgment. Fed. R. Civ. P. 12(d). However, the court may consider outside documents that are attached to the motion to dismiss without treating the motion as one for summary judgment when "the document is (1) central to the plaintiff's claims; and (2) undisputed, meaning that its authenticity is not challenged." *Johnson*, 107 F.4th at 1300.

Here, the Policy Declarations Page, the SFIP's Dwelling Form, and the August 29, 2023 Letter all fall within the incorporation-by-reference doctrine. These documents are central to Koster's allegations in the Complaint that Hartford breached the SFIP, in part, "by rendering an[ ] improper partial denial for certain portions of the subject Property." Compl. ¶ 51. Indeed, Koster references the documents, either generally or specifically, in the Complaint and in its Response, and its claims are based on them. As for the authenticity of the exhibits, Koster neither contests nor challenges their validity in its Response. *See generally* Resp. Therefore, except for the Declaration of Wendy Strow [ECF No. 11-1], this Court will consider Hartford's attached documents (1) the Policy Declarations Page [ECF No. 11-2]; (2) the SFIP's Dwelling Form [ECF No. 11-3]; and (3) the August 29, 2023 Letter [ECF No. 11-

4] in resolving the Motion.[1] *See Price v. Wright Nat'l Flood Ins. Co.*, No. 2:24-CV-914-SPC-KCD, 2025 WL 487627, at *1 (M.D. Fla. Feb. 13, 2025) (considering denial letter attached to insurer's motion to dismiss in breach of SFIP claim); *4922 Mgmt. LLC v. Selective Ins. Co. of the Southeast*, No. 2:24-CV-894-SPC-NPM, 2025 WL 417701, at *1 (M.D. Fla. Feb. 6, 2025) (same).

### C. Timeliness Of Koster's Lawsuit.

In standard flood insurance disputes, a plaintiff must file a lawsuit "within one year after the date of mailing of notice of disallowance or partial disallowance" of the claim. 42 U.S.C. § 4072. Specifically, Section 4072 provides:

> In the event the program is carried out as provided in section 4071 of this title, the Administrator shall be authorized to adjust and make payment of any claims for proved and approved losses covered by flood insurance, and **upon the disallowance by the Administrator of any such claim, or upon the refusal of the claimant to accept the amount allowed upon any such claim, the claimant, within one year after the date of mailing of notice of disallowance or partial disallowance by the Administrator, may institute an action against the Administrator on such claim in the United States district court for the district in which the insured property or the major part thereof shall have been situated**, and original exclusive jurisdiction is hereby conferred upon such court to hear and determine such action without regard to the amount in controversy.

42 U.S.C. § 4072 (emphasis added); *see also* 44 C.F.R. § 62.22(a). A similar one-year limitation period appears in Part VII.O of the SFIP's Dwelling Form:

> **If you do sue, you must start the suit within one year after the date of the written denial of all or part of the claim, and you must file the suit in the United States District Court of the district in which the insured property was located at the time of loss. This requirement applies to any claim that you may have under this policy and to any dispute that you may have arising out of the handling of any claim under the policy.**

---

[1] The Court notes that Hartford also submitted the Declaration of Wendy Strow [ECF No. 11-1]. The Declaration does not fall within the incorporation-by-reference doctrine. Therefore, in resolving the Motion, this Court has not considered Strow's Declaration.

ECF No. 11-3 at 25 (emphasis in original).

    1.  <u>Whether The August 29, 2023 Letter Triggered The One-Year Limitations Period</u>.

As noted above, Hartford mailed what it avers is a partial claim denial letter on August 29, 2023. [ECF No. 11-4]. Koster filed suit on May 19, 2025 – over one year and eight months after Hartford's mailing of the August 29, 2023 Letter. Koster argues that the August 2023 Letter did not constitute a notice of disallowance or partial disallowance that would trigger the limitations period. Resp. at 2. Koster claims that the August 2023 Letter did not state that the claim was denied, did not notify Koster of any right to appeal, and did not contain language indicating finality of closure of the claim. *Id.* Koster contends the one-year limitation period did not begin to run until Hartford ultimately concluded its investigation into the flood insurance claim on December 24, 2024. *Id.* at 3.[2] Hartford replies that the August 2023 Letter was clearly a partial denial of Koster's claim and points to unambiguous language in the Letter indicating that portions of the claim were being denied and that Koster had the right to appeal or file a lawsuit. Reply at 2–3.

Thus, the issue is whether the August 29, 2023 Letter is a partial written denial. The Middle District decision in *4922 Management LLC* is instructive here. As that court explains, at the outset, "[t]o determine whether a letter is a partial written denial, courts closely examine the letter's content." *4922 Mgmt. LLC*, 2025 WL 417701, at *1 (citation omitted). As noted above, the August 29, 2023 Letter states, in relevant part:

> . . . [T]he detached building was referenced in the adjusters photos as a detached utility/laundry room and this building would require its own policy and **remains denied** based on letter dated June 20, 2023.

---

[2] Koster claims it received correspondence dated December 24, 2024, from Hartford stating that "the investigation of your flood insurance claim . . . has concluded." Resp. at 3. Notably, Koster did not attach the December 2024 correspondence to nor reference it in the Complaint. And the correspondence attached to the Response does not include a mailing date.

> . . . . Because of your failure to cooperate in scheduling this reinspection, **we have denied your request** for review of the contractors estimate and lack of supporting documentation for damages to the risk. Therefore, your claim remains payable based on the adjusters revised estimate in the amount of $77,749.96, pursuant to SFIP excerpts[.]

[ECF No. 11-4 at 1]. These statements are unambiguous and clearly put Koster on notice that at least part of its claim had been denied. Koster admits as much in its Response by noting the letter includes "a reference to denial of some items." Resp. at 3. And, importantly, the Policyholder Rights attached to the August 29, 2023 Letter notified Koster of its right to appeal to FEMA and to file suit in federal court "within one year of when your insurer first denied all or part of your claim." *Id.* at 5. Courts considering this issue consistently hold that "a letter from an insurer sufficient to put an insured on notice that a part of [its] claim has been disallowed is sufficient to trigger Section 4072's one-year limitation period." *Sylve v. Am. Bankers Ins. Co. of Fla.*, No. 2:23-CV-04068, 2024 WL 422063, at *3 (E.D. La. Feb. 5, 2024) (citing *McInnis v. Liberty Mut. Fire Ins. Co.*, No. 22-30022, 2022 WL 4594609, at *3 (5th Cir. Sept. 30, 2022)); *see also Palmer v. Selective Ins. Co.*, No. 24-1599, 2024 WL 5126265, at *5 (E.D. Pa. Dec. 16, 2024) (collecting cases). This Court agrees and finds that the August 2023 Letter constitutes a partial disallowance under § 4072.

And, although the Eleventh Circuit has not ruled on the issue of whether a partial denial letter is a proper disallowance that triggers the one-year limitation period, district courts in the Eleventh Circuit unanimously agree that it is. *See, e.g.*, *Raulerson v. American Strategic Ins. Corp.*, No. 8:25-cv-00407-WFJ-AAS, 2025 WL 1133767, at * 3–4 (M.D. Fla. Apr. 17, 2025); *Mercer v. American Bankers Ins. Co. of Fla.*, No. 2:24-CV-882-JES-NPM, 2025 WL 1018390, at *5 (M.D. Fla. Apr. 4, 2025); *Price v. Wright Nat'l Flood Ins. Co.*, No. 2:24-CV-914-SPC-KCD, 2025 WL 487627, at *2 (M.D. Fla. Feb. 13, 2025); *Hawk v. Hartford Ins. Co. of the*

*Midwest*, No. 2:24-CV-823-JES-NPM, 2025 WL 326668, at *7 (M.D. Fla. Jan. 29, 2025); *4922 Mgmt.*, 2025 WL 417701, at *2. This Court agrees.

Koster's arguments to the contrary, set forth in its Response, without citation to relevant legal authority, are unavailing. Koster first contends that the statute of limitations was not triggered by the August 2023 letter because the letter did not contain "a clear, unequivocal written denial that both explains the denial and informs the insured of their appeal rights." Resp. at 3. In support of this contention, Koster does cite legal authority, the Eastern District of Louisiana's 2008 decision in *Willis v. State Farm Fire and Casualty Company*, No. 07-4862, 2008 WL 793514 (E.D. La. Mar. 4, 2008). In *Willis*, the district court held that a denial letter relied upon by the insurer was not issued in response to a proof of loss and therefore did not trigger the limitations period. However, as Hartford points out in its Reply, the Fifth Circuit has since held that "the plain language of § 4072 indicates a denial of a *claim* begins the prescriptive period, not a denial of the proof of loss." *4922 Mgmt. LLC*, 2025 WL 417701, at *4 (citing *McInnis*, 2022 WL 4594609, at *3 (deeming a claim denied when a letter stated that "content items that were not supported by photographs were not able to be included in your claim," referred to that as a "decision to deny coverage," and informed claimant of her right to administratively appeal any portion of the denied claim); *see also Lionheart Holding GRP v. Phila Contrib. Ship Ins. Co.*, 368 F. App'x 282, 283–85 (3d Cir. 2010) (deeming a claim denied when a letter stated that claimant's house was not covered and informed claimant of its one-year deadline to sue).

In sum, this Court finds that the August 29, 2023 Letter was a partial denial that triggered the one-year limitations period under § 4072.

      2. <u>Whether The Limitations Period Was Tolled</u>.

Koster also contends that the statute of limitations was not triggered because Hartford continued to investigate the claim, reinspected the Property, and made an additional payment after the August 2023 Letter. Resp. at 4. However, courts routinely hold that denial letters trigger the limitations period even when additional documentation is subsequently submitted or the adjusting process continues. *See 4922 Mgmt. LLC*, 2025 WL 417701, at *2 (citing *Cohen v. Allstate Ins. Co.*, 924 F.3d 776, 781 (5th Cir. 2019) (finding a denial letter triggered the limitations period when it denied coverage for various claimed items pending additional documentation)); *Lionheart Holding*, 368 F. App'x at 284–85 (holding that a partial denial letter triggered the statute of limitations even though the parties continued to engage in a "lengthy . . . investigation and adjustment process" for claims related to the same flooding event); *Palmer*, 2024 WL 5126265, at *5 (finding that a denial letter constituted a disallowance under § 4072 even though the plaintiffs continued to provide additional requested documentation after receiving the letter); *see also McInnis*, 2022 WL 4594609, at *2–3 (rejecting claimant's argument that the subsequent rejection of a proof of loss extended the statutory clock).

This Court agrees and finds that the fact that Hartford's continued tasks related to Koster's claim after the August 29, 2023 partial denial Letter did not toll or extend the limitations period under § 4072.

In light of the overwhelming legal authority cited above and in light of the circumstances presented in Koster's Complaint and in the documents central to its claim, this Court concludes that the one-year limitation period was triggered by Hartford's partial denial of Koster's claim in the August 29, 2023 Letter. Therefore, Koster's Complaint, filed more

than twenty months after the date of mailing of Hartford's notice of partial denial of Koster's claim, is time-barred under 42 U.S.C. § 4072.

## IV.   CONCLUSION

Accordingly, based on the foregoing, it is hereby

**ORDERED AND ADJUDGED** as follows:

1. Defendant's Motion to Dismiss **[ECF No. 11]** is **GRANTED**.
2. Plaintiff's Complaint [ECF No. 1] is **DISMISSED** as time-barred.
3. The Clerk of Court is instructed to **CLOSE** this case.

**DONE AND ORDERED** in Chambers in the Southern District of Florida, this 13th day of February, 2026.

_____
**MELISSA DAMIAN**
**UNITED STATES DISTRICT JUDGE**